IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-CV-00010-M

| | | |
|---|---|---|
| SYLVIA MAIANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WELLS FARGO BANK, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Silvia Maiani's Amended Motion to Remand. DE 29. Wells Fargo filed a Memorandum in Opposition. DE 32. For the reasons stated herein, Maiani's motion to remand is denied.

## I. Background

On November 18, 2021, Maiani filed a Complaint in the General Court of Justice Superior Court Division, in Johnston County, North Carolina. DE 1-1. On December 3, 2021, a Civil Summons was issued to Wells Fargo and on December 7, 2021, it was received via its registered agent. *Id.* The Complaint sets forth seven causes of action, including alleged violations of the Fair Credit Reporting Act, the Fair Credit Billing Act, and the Truth in Lending Act. *Id.*

On January 6, 2022, Wells Fargo filed its Notice of Removal. DE 1. On January 20, 2022, Maiani filed an Expedited Motion to Remand. DE 21. On January 31, 2022, this court ordered Maiani to show cause why the motion should not be denied as improperly filed because the court suspected that the pro-se complaint had been drafted by a licensed attorney not admitted to practice before this court. DE 22. On February 8, 2022, Maiani asked the court to strike her expedited

motion to remand [DE 28] and then filed an Amended Expedited Motion to Remand [DE 29]. The court construed Maiani's motion to strike as a motion to withdraw her motion to remand and granted her motion. DE 42. On February 10, 2022, Wells Fargo filed a memorandum in opposition to Maiani's motion to remand. DE 32.

## II. Legal Standards

Removal of civil actions is governed by 28 U.S.C. §§ 1441 and 1446. Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) (explaining that when "our jurisdiction depends on the propriety of removal" it "depends on the scope of the district court's original jurisdiction" because "the removal statute allows defendants to remove a case to federal court only if 'the district courts of the United States have original jurisdiction' over it."). One basis for removal is invoking the federal-question jurisdiction of a federal district court. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (internal quotation marks omitted). If a removed action includes "a claim arising under the Constitution, laws, or treaties of the United States," and "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may [still] be removed if the action would be removable without the inclusion" of any of the two latter types of claims. 28 U.S.C. § 1441(c).

2

Section 1446 provides the procedure for removal of civil actions. It states, in relevant part, that any defendant seeking to remove a civil action must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" in the district court where the action is pending. 28 U.S.C. § 1446(a). The Defendant must file the notice of removal within 30 days after receiving a copy of the initial pleading or service of summons, whichever period is shorter. *Id.* § 1446(b). When a civil action is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). Each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *Id.* § 1446(b)(2)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* § 1446 (2)(C).

## III.   Analysis

Wells Fargo has satisfied the requirements for removal of this action. Maiani's Complaint arises under federal law: it alleges that Wells Fargo violated the Fair Credit Reporting Act, the Fair Credit Billing Act, and the Truth in Lending Act. *See, e.g., Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) ("A case 'aris[es] under' federal law within the meaning of § 1331, this Court has said, if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"). Because Maiani presented claims "arising under" federal law, Wells Fargo has properly removed the Complaint under this court's federal-question jurisdiction. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 9 (2003) (stating if "the cause of action

3

. . . arises under federal law" then "the case is removable."). The Complaint's claims under North Carolina law are removable under this court's supplemental jurisdiction because the state-law and federal-law claims are derived from a common nucleus of operative facts. *See* 28 U.S.C. § 1367(a); *Traber v. Bank of Am.*, No. 1:13-cv-00184-MR-DLH, 2014 WL 903173 at *4 (W.D.N.C. March 7, 2014) (quoting *United Mine Works of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

In addition, Wells Fargo filed its Notice of Removal within 30 days of receiving notice of service. Wells Fargo received notice of service on December 7, 2021, and filed its Notice of Removal on January 6, 2022. Therefore, removal was timely. *See* 28 U.S.C. § 1446(b)(1). In compliance with 28 U.S.C. § 1446(b)(2)(A), Wells Fargo's Notice of Removal stated that all defendants "consent to the removal of this action." DE 1 ¶ 12; DE 1-4 at 2. The Fourth Circuit has held "that a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal." *E.g.*, *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013). Finally, under 28 U.S.C. § 1446(a), Wells Fargo accompanied its Notice of Removal with all process, pleadings, and orders that were served on it prior to the filing of the Notice of Removal.

Maiani argues for remand. She asserts that under the First-Served Defendant Rule "if the first-served defendant does not file a motion to remove within thirty days of service, subsequently served defendants may not remove the case to federal court." DE 29 at 6. Maiani also invokes the "McKinney Intermediate Rule," which she claims requires that "a removal petition [must] be filed within the first-served defendant's thirty-day window, but gives later-served defendants thirty days from the date they were served to join the removal petition." *Id.* Maiani argues that Wells Fargo cannot remove this civil action because Wells Fargo was not the first-served defendant but

4

was instead the second-served defendant. Next she argues that courts apply the "rule of unanimity" under 28 U.S.C. § 1446, "which requires all defendants in an action to formally 'join in or consent to the notice of removal, otherwise the removal is defective.'" DE 29 at 7 (citing *Getty Oil, Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1262 (5th Cir. 1998)). Maiani asserts that "fatal to the Defendants removal action" is the fact that "the Defendants told the Court that all of the Defendants had consented to the removal of the Petition, however, [Defendants] did not make a written, unambiguous declaration to that consent pursuant to the Fourth Circuit removal requirements." DE 29 at 7–8. Finally, she argues that Wells Fargo's Notice of Removal should have contained the other defendants' summons, returns of service, affidavits of service, and limited powers of attorney. DE 29 at 12. She states that the action should be remanded because Wells Fargo's Notice of Removal did not contain a copy of all process, pleadings, and orders that have been served in this case. DE 29 at 13.

As explained above, Wells Fargo satisfied the requirements for removal and refutes Maiani's arguments. First, 28 U.S.C. § 1446 plainly states that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446 (b)(2)(B). Wells Fargo complied with this requirement; and the next section makes clear that "a later-served defendant" can properly file a notice of removal as well. *Id.* § 1446(b)(2)(C) ("If defendants are served at different times, *and a later-served defendant files a notice of removal*, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." (emphasis added)). Thus, Maiani's argument that only the first-served defendant can file for removal is incorrect. Wells Fargo has complied with Section 1446's "rule of unanimity." *See* DE 1 ¶ 12; DE 1-4 at 2.

5

Finally, Wells Fargo's Notice of Removal did contain all necessary documents that had been served on it but not on other defendants. Rule 1446(a) states that "*defendants* desiring to remove any civil action" must accompany a notice of removal "with a copy of *all* process, pleadings, and orders served upon such defendant *or defendants* in such action." 28 U.S.C. § 1446(a) (emphasis added). Therefore, all defendants seeking removal must file all process, pleadings, and orders served upon such defendants. Only Wells Fargo complied with this requirement. The other defendants that consented to removal did not. However, "the majority approach is that the defect is merely procedural and that this particular procedural defect may be cured." *See Riggs v. Fling Irrigation, Inc.*, 535 F. Supp. 2d 572, 579 (W.D.N.C. 2008) (collecting cases). Therefore, this court will not remand and will instead allow the remaining defendant, Citizens Financial Group Inc., to cure the deficiency by filing "a copy of all process, pleadings, and orders served upon" it in the state court action being removed.

## IV. Conclusion

Wells Fargo complied with the requirements to remove Maiani's Complaint to federal court with the exception of one "minor irregularity" that does not defeat Defendants' Notice of Removal. *Id.* Accordingly, Maiani's motion to remand is DENIED. All Defendants remaining in this case that consented to removal are ORDERED to file "a copy of all process, pleadings, and orders served upon" them in the state court action on or before Wednesday, September 14, 2022.

SO ORDERED this 31st day of August, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

6

Case 5:22-cv-00010-M   Document 44   Filed 09/01/22   Page 6 of 6